KOLPACK, Respondent, vs. KOLPACK, Appellant.
SAME, Appellant, vs. SAME, Respondent.

*March 27—April 17, 1906.*

*Judgment:* Res judicata: *Persons bound: Easements: Private way: Prescription.*

1. A., being interested in having it determined that a certain road or track over B.'s land was a public highway, procured the bringing of an action in the name of the state against B. to recover

the statutory penalty for obstructing such alleged highway. The district attorney was afterwards called into the case, but did not interfere with its management and prosecution by A. and his attorney. The court found and adjudged that the road was not a public highway. *Held,* that although A. was not a party to the record in that action, the judgment therein was binding upon him in a subsequent action against him brought by B. to restrain him from passing over said road and from removing barriers placed therein.

2. The evidence in this case is *held* not to sustain a finding of the trial court that defendant had a prescriptive right to a private way across plaintiff's land.

APPEALS from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Reversed in part.*

This action was brought by the plaintiff to restrain the defendant from passing over and removing barriers from lands owned by plaintiff and described as follows: The northwest quarter of the southwest quarter of section 1, township 28 north, of range 12 east, Shawano county, Wisconsin. The defendant owned lands east of plaintiff's, which he purchased in 1878, at which time there was a traveled track across the plaintiff's land commencing near the northeast corner thereof and running in a zigzag direction across it and intersecting the highway on the west side thereof. This track the defendant claimed the right to use as a public highway. The plaintiff alleges in his complaint ownership of the property, and that there is a private road passing over it commencing at a point about four rods south of the northeast corner of the premises and thence running diagonally in a southwesterly direction to a point about thirty-three rods north of the southwest corner thereof, and that no highway had ever been laid out along or near said private road, and that the defendant or the public had acquired no right to use the same; that no dedication to the public had ever been made by the plaintiff or any former owner of the premises, and that the defendant had acquired no right to use said private road; that for about

three years last past the defendant had used said road against the objection of the plaintiff and in defiance of his rights, to the injury of the plaintiff; that in June, 1901, plaintiff constructed fences across said road and placed obstructions thereon and notified defendant to desist from using the same; that defendant removed the fences repeatedly and continued to use the road against the protest of plaintiff, and continued to commit acts of trespass daily; that the action is commenced to prevent such trespass and a multiplicity of suits and for general relief.

The defendant answered admitting the plaintiff's ownership of the property, the removal of the fences and obstructions by defendant, and alleged that the road in question was a public highway and had been used for more than ten years prior to the alleged trespass, and during such time had been worked and kept in repair by the town officers as a public highway. Defendant further alleged his ownership of the 160 acres of land adjacent to the plaintiff's premises, and that he had used the highway in question for twenty-four years and had constructed buildings on his premises with reference to said highway, and further denied generally the allegations of the complaint, and prayed that said highway be adjudged a legal highway and that the plaintiff be enjoined from placing within the limits thereof any obstructions to public travel.

The court found that the plaintiff was the owner of the premises in question and that there was a traveled track running diagonally across the same; that in 1878 defendant lived on the farm east of the plaintiff, and in 1881 the town board of the town in which plaintiff's premises are situated attempted to lay out a highway across his premises substantially following said traveled track; that said traveled track had been used by defendant since 1878, and that such use was commenced with the express permission and consent of the plaintiff; that in 1885 plaintiff informed defendant that he must procure another road; that since 1901 plaintiff has

frequently built fences and obstructions across said road which have been removed by defendant; that since 1881 defendant has been using the traveled track under claim that the same was a public highway; that said traveled track has never been used by any one, except defendant and his family and those going to see them, since 1881; that in 1902 an action was commenced under sec. 1326, Stats. 1898, to recover the statutory penalty for obstructing a public highway; that the defense that the *locus in quo* was not a highway was pleaded, and the defense brought the title to land in question and the case was removed to the circuit court and tried, the only contested question being whether the traveled track or road was a highway; that it was determined in said action that said track or road was not a highway, and no appeal was taken; that the defendant procured the bringing of said action and prosecuted the same to final judgment, and employed and paid an attorney for such purpose.

The court found, as conclusions of law, that the traveled track was not a public highway, but that the judgment in the action to recover the penalty was not *res adjudicata* in this action, and not binding upon the defendant; that the traveled track was a private way of defendant, and that he had a prescriptive right to use the same, and that plaintiff had the right to construct gates and bars across said traveled track as his convenience in farming might require, the same to be closed by the defendant, his agents and servants, after passing through the same; that the plaintiff was not entitled to an injunction restraining defendant from using the traveled track.

Judgment was entered upon these findings accordingly. Plaintiff appealed from so much of the judgment as gave the defendant a private way by prescription across the premises in question, and also from the portion which denied costs to either party. The defendant appealed from the portion giving the plaintiff the right to erect such gates or bars across the private way as his convenience in the use of such

premises might require, and adjudging that the defendant, his agents and servants, should close such gates after passing through the same; also from the portion adjudging that said private way was not a public highway.

For the plaintiff there was a brief by *Wallrich, Dillett & Larson,* and oral argument by *C. F. Dillett.*

For the defendant there was a brief by *B. A. Cady* and *Kreutzer, Bird & Rosenberry,* and oral argument by *C. B. Bird.*

KERWIN, J. 1. The question whether there was a public highway was litigated and evidence produced upon that issue. The court ruled out the record of former adjudication to the effect that no highway existed, and found upon other evidence that there was no public highway. We do not deem it necessary to review the evidence upon the question of whether a public highway was laid out or acquired by user in the manner provided by law, since we are convinced that the record offered in evidence established the fact that no highway existed at the place in question at and prior to the time of the commencement of the instant suit, and that the judgment in such action is binding upon the defendant here. The evidence shows, and the court found, that in October, 1902, and before the commencement of the present action, an action was commenced against the plaintiff under sec. 1326, Stats. 1898, to recover the statutory penalty for obstructing the alleged highway in question, and that plaintiff set up the defense that the *locus in quo* was not a highway, but his private property. The action was commenced in justice's court and a plea of title to land put in and the case duly transferred to the circuit court for Shawano county, where it was tried, the only question litigated being whether a highway existed at the place in question. The court held that it did not, and judgment was entered accordingly, which judgment was in force at the time of the trial of this action. It is also estab-

lished that the defendant procured the bringing of such action and prosecuted the same to judgment, and employed and paid an attorney for such purpose, and was interested in the litigation in an effort to determine that a public highway existed. It appears from the record that the court below concluded that the judgment in the former action was not binding upon him, since he was not a party to the record, the action being prosecuted in the name of the state against the plaintiff. The court, however, found that the private track in controversy was not a public highway, obviously upon the theory that the evidence did not establish that the highway had been legally laid out or acquired by user.

Upon the facts established, the former judgment for recovery of the penalty for obstructing this highway determined in favor of the plaintiff was binding upon the defendant. He had an interest in such controversy in establishing that a highway existed, and took part in the suit, employed and paid an attorney, and managed the litigation because of such interest. While the district attorney acted with the attorney for defendant, it appears that the defendant's attorney was in no way hampered in the conduct and management of the suit. It is established that the road in question had never been used by any one except the defendant and his family and those going to see them, and that defendant was the real party in interest in establishing whether or not a public highway existed, and carried on the litigation for that purpose. He commenced the action in justice's court without the intervention of the district attorney, who was afterwards called in because counsel for plaintiff objected to the prosecution of the action without his presence, and required the notice of trial to be signed by him. But the appearance of the district attorney in the case, as appears from the record, in no manner interfered with the management and prosecution of the case by the defendant and his attorney. It does not appear

from the record that the right of appeal was denied the defendant, and it must be presumed from the fact that the district attorney consented to the prosecution of the action and the carrying on of the litigation and co-operation with the defendant that it was not denied, but on the contrary would be authorized by the district attorney and prosecuted if the defendant so desired.

Claim is made by counsel for defendant here that the findings in the former action to the effect that the *locus in quo* was not a public highway are not sustained by the evidence, for the reason that the court applied a different rule of evidence than in civil actions, and made remarks to the effect that if he were trying the direct question he would hold it a public highway, or he did not know what he would hold on that point. But the findings and judgment of the court in that action must control here, and cannot be set aside or modified by remarks of the court not embodied in the findings or the judgment or intended to be. Moreover, the circuit judge below who tried this action tried the former, and in his finding in this action states that the only contested question in the former action was whether the road was a highway, and that it was found and determined in said former action that it was not a highway, and for that reason the complaint was dismissed upon the merits. So there seems to be no room for doubt from the record on the former suit in evidence, as well as the findings and record in the present suit, that the question of highway was litigated and determined upon the merits against the defendant in the former action, and that although the defendant was not a party to the record he is, upon well-established principle, bound by the judgment. *Fulton v. Pomeroy,* 111 Wis. 663, 87 N. W. 831; *Boyd v. Wallace* (N. Dak.) 84 N. W. 760; *Cramer v. Singer Mfg. Co.* 93 Fed. 636, 35 C. C. A. 508; *Lane v. Welds,* 99 Fed. 286, 39 C. C. A. 528; *Bennitt v. Wilmington S. M. Co.* 18 Ill. App.

17, 7 N. E. 498; *Cole v. Favorite,* 69 Ill. 457; 2 Black, Judgments (2d ed.) §§ 539, 540; Herman, Estoppel, § 148; 2 Van Fleet, Former Adj. § 523.

2. The court found a private way by prescription over the road in question, and adjudged that the plaintiff may erect such gates or bars across said private way as his convenience and use of the premises may require, and that the defendant, his agents and servants, shall close such gates after passing through, and entered judgment accordingly. As appears from the statement of facts and the findings, the question of private way by prescription was raised by the pleadings and litigated upon the trial, but we are satisfied from a careful examination of the evidence that there is no evidence to support the findings that a private way by prescription in favor of the defendant was established. It is established that the defendant commenced using the private track in question in 1878, before any attempt had been made to lay out a highway, and continued to use the same until 1885 with the permission of the plaintiff, and that in 1885 plaintiff told defendant to procure another road. There is, therefore, no evidence of any adverse user by the defendant sufficient to ripen into a prescriptive right for the requisite period before the commencement of this action. We therefore hold that there is no public highway over the premises in question, nor a private way by prescription.

*By the Court.*—That part of the judgment appealed from by the plaintiff is reversed. The defendant will take nothing on his appeal. Plaintiff is allowed costs in this court on both appeals. The cause is remanded to the court below with directions to modify the judgment in accordance with this opinion, so as to give the plaintiff the full relief prayed for in his complaint, including costs against the defendant.

CASSODAY, C. J., took no part.