## HARPER v. LEDBETTER et al.   (No. 9523.)

(Court of Civil Appeals of Texas. Dallas. March 28, 1925.)

1. **Mortgages ⬅186(3)—Burden on plaintiffs alleging equitable interest in land to show that purchaser of note and deed of trust, who purchased land at sale thereunder, had knowledge of their alleged interest.**

Plaintiffs, claiming interest in land as against purchaser at foreclosure sale under deed of trust, which with secured note was theretofore conveyed to him for a valuable consideration, had burden of showing that he had notice of plaintiffs' alleged equitable interest, and, where evidence conclusively showed that defendant had no such knowledge, plaintiffs were not entitled to relief.

2. **Judgment ⬅677 — Plaintiffs, agreeing to place title to land in mother for purpose of mortgaging it, held bound by judgment obtained against mother vesting title in purchaser at foreclosure sale.**

Where plaintiffs were parties to a partition suit and agreed to place title in their mother, especially for purpose of mortgaging lands, and property was mortgaged and mortgage foreclosed, and purchaser obtained decree against mother vesting title in him, plaintiffs *held* in legal effect parties to judgment against mother and bound thereby, and not entitled to assert alleged equitable interest to defeat legal title acquired by defendant.

3. **Partition ⬅107—Receipt by minor plaintiffs, who were parties to partition suit, of their share of proceeds of sale, held a defense to equitable relief sought by them against defendant who acquired legal title.**

Where minor plaintiffs, who were parties to a partition suit, asserted equitable interest to defeat title acquired by defendant at foreclosure sale under trust deed, on ground that they received no money from sale of such land by receiver appointed in partition suit, receipt by any of such plaintiffs of his portion is a complete defense to equitable relief sought against defendant.

4. **Injunction ⬅35(2)—Parties not in possession of property not entitled to enjoin enforcement of writ of possession.**

Plaintiffs who were never in possession of property involved are not entitled to enjoin a writ of possession obtained by defendant in action in trespass to try title, since such plaintiffs' right of possession or interest in property is not involved.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Action by Arthur L. Ledbetter, Jr., and others, against N. M. Harper and others. From judgment in favor of certain plaintiffs, named defendant appeals. Reversed and rendered.

Burgess, Owsley, Storey & Stewart, of Dallas, for appellant.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

VAUGHAN, J. Appellees, Arthur L. Ledbetter, Jr., and Margaret Ledbetter, minors, without guardians of their persons or estates, by their next friends, Bessie M. Foster and V. G. Foster, Bessie M. Foster joined by her husband, V. G. Foster, C. F. Ledbetter, W. M. Ledbetter, and Mary V. Aulsbrook, joined by her husband, Stanley Aulsbrook, as plaintiffs, brought this suit against N. M. Harper, appellant, Mrs. Lula E. Ledbetter, and Jeff D. Robinson, as defendants. Appellees, in their petition, allege that Arthur Ledbetter, Sr., died prior to the 24th day of June, 1923, leaving surviving him as his heirs the appellees Arthur L. Ledbetter, Margaret Ledbetter, Bessie M. Foster, C. F. Ledbetter, W. M. Ledbetter, and Mary V. Aulsbrook, his children, and the defendant Lula E. Ledbetter, his widow; that the property in controversy was the community estate of said Arthur Ledbetter, Sr., and Lula E. Ledbetter, and that as such survivor she owned one-half, and each of the children an undivided one-twelfth of said property; that the minors, Arthur L. and Margaret E. Ledbetter, by their next friends, Richard Dresser, brought a suit in the Forty-Fourth district court of Dallas county, Tex., in the year 1923, in which the said Lula E. Ledbetter, Bessie M. Foster and husband, V. G. Foster, C. F. Ledbetter, Mary V. Aulsbrook and husband, Stanley Aulsbrook, were defendants, for the purpose of partitioning the property in controversy, being a part of block 955 of the city of Dallas as shown by Murphy & Bolanz' map thereof and more fully described as follows:

"Beginning at the intersection of the south line of Boren St., with the S. E. line of Howell St.; thence southwesterly with the S. E. line of Howell St., 150 ft.; thence southeasterly parallel with Boren St. 99 ft.; thence northeasterly to point in the south line of Boren St., 50 feet eastwardly from the beginning point; thence westerly with the south line of Boren St., 50 feet to the place of beginning."

That in said suit on June 24, 1923, a judgment was entered determining the interests of the parties in the property, finding the same incapable of partition, ordering it sold at private sale for that purpose, and appointing Jeff D. Robinson as receiver to make the sale; that, acting under said decree, said receiver reported a sale to the court of the property to defendant Lula E. Ledbetter for a consideration of $8,400 cash, and, upon approval thereof by the court, he executed a deed to Lula E. Ledbetter conveying said property, reciting the payment of $8,400 cash; that said report and the recital of said deed were untrue, in that Lula E. Ledbetter paid, and the receiver received, no money whatever, and neither of the appellees have received any part of the proceeds of the sale of said property by said receiver, all of which was fully known to

appellant; that after the deed had been delivered by the said receiver to Lula E. Ledbetter, she, without the knowledge or consent of appellees, executed a deed of trust on the 10th day of December, 1923, to one J. M. Scales to secure the sum of $4,500, evidenced by a note of that date, which note was owned and held by appellant; that default had been made in the payment of said note, and appellant had caused the trustee named in the deed of trust to sell the property in accordance with the terms and provisions thereof, at which sale he became the purchaser, and thereafter he brought a suit in the Fourteenth district court against Lula E. Ledbetter, in which, on the 10th day of November, 1924, a judgment was rendered in favor of appellant against Lula E. Ledbetter vesting title to the property in controversy in appellant; that Lula E. Ledbetter never owned more than a one-half interest in said property; that under said judgment appellant, about the 1st day of December, 1924, sued out a writ of possession, under which writ he was seeking to dispossess the appellees from the property in controversy, and prayed a temporary injunction enjoining the enforcement of said writ of possession until the final hearing of the cause, and, upon such hearing, the cancellation of the judgment in the partition suit and the deed of the receiver executed thereunder, and a recovery by the appellees of their interest in the property.

Said petition was presented to the judge of the trial court on the 16th day of December, 1924, on which date a temporary restraining order was issued and the appellant cited to appear before said court on the 27th day of December, 1924, to show cause why said restraining order should not be continued in force. Upon such appearance the matter was by the court passed for hearing until the 30th day of December, 1924, on which date appellant filed his answer setting up that he purchased from J. M. Scales the $4,500 note secured by deed of trust lien upon the property in controversy without knowledge of any of the matters alleged in said petition attacking the partition judgment and the deed of the receiver thereunder; that at the time of purchasing said note, the partition decree was in full force and effect, and there was of record in the deed records of Dallas county, Tex., a deed from J. D. Robinson, receiver, to the said Lula E. Ledbetter, vesting the title to the whole of the property in her; that he relied upon said recitals and had no knowledge to the contrary; that, relying upon said decree and deed, and believing the title to be vested in said Lula E. Ledbetter by reason thereof, he purchased the said $4,500 note described in the deed of trust to Scales, trustee, executed by Lula E. Ledbetter, paying therefor a good and valuable consideration; that he

purchased same in absolute good faith and without knowledge of any of the matters alleged in appellees' petition as to the nonpayment by Lula E. Ledbetter of the money to the receiver; that default had been made in the payment of the note and he had caused the trustee in the deed of trust to sell the property in accordance with its terms, at which sale he purchased, and on Lula E. Ledbetter's refusal to surrender possession, he brought suit in the Fourteenth district court in trespass to try title, in which judgment was entered in his favor against Lula E. Ledbetter, vesting title to the property in him, under which judgment the writ of possession as alleged by appellees had been issued and was in the hands of the sheriff of Dallas county for execution; that all of the appellees had been fully paid and satisfied for their interests in the property.

The matter, on the issues thus joined, as to whether or not said restraining order should be continued in force, was heard on both the pleadings and evidence, which resulted in the court entering an order refusing the prayer of appellees Arthur L. Ledbetter, Jr., and Margaret E. Ledbetter, minors, Bessie M. Foster and V. G. Foster, individually and as their next friends, and O. F. Ledbetter, but granted a temporary injunction in favor of W. M. Ledbetter, Mary V. Aulsbrook and husband, Stanley Aulsbrook, against appellant, enjoining and restraining him until further orders of the court from dispossessing them of the property in controversy under and by virtue of said writ.

Appellant duly prosecuted his appeal from said order, and now presents same through the following propositions: (1) Appellees W. M. Ledbetter and Aulsbrook and wife showed themselves entitled to no relief, because the uncontroverted testimony established the fact that appellant Harper was a mortgagee for value and without notice of any of the matters set out in the petition of appellees; (2) all of the appellees were in legal effect parties to the judgment in the case of N. M. Harper v. Lula E. Ledbetter in the Fourteenth district court of Dallas county, Tex.; (3) the appellees W. M. Ledbetter, Mrs. Mary Aulsbrook, and her husband, in whose favor the court below granted a temporary writ of injunction, were never in possession of the property in controversy and were, therefore, not entitled to the relief granted them by the court.

The following material facts we find to have been established: The property in controversy was the community property of Arthur L. Ledbetter, Sr., and his wife, Lula E. Ledbetter. Arthur L. Ledbetter, Sr., died intestate, leaving surviving him the said widow and six children, two of whom are the appellees W. M. Ledbetter and Mary V. Aulsbrook. In the spring of the year 1923, the two minor children of Arthur and Lula

Ledbetter, as plaintiffs, brought a suit in the Forty-Fourth district court against their mother and adult brothers and sisters, including the said W. M. Ledbetter and Mary Aulsbrook, for a partition of said real property; that all of the defendants to said suit filed an answer and waiver of citation; that on the 24th day of June, 1923, a decree was entered in said cause fixing the interest of the parties in said real property, determining the same incapable of partition, directing its sale, and appointing Jeff D. Robinson as receiver to make said sale. Robinson, as such receiver, on the 20th day of June, 1923, reported a sale to the court of the property to Lula E. Ledbetter for the sum of $8,400, which report was by the court on the 20th day of June, 1923, approved and confirmed. Thereafter, on the 29th day of June, 1923, said receiver, acting under said orders and decrees, executed a deed conveying the real estate in controversy to the said Lula E. Ledbetter, which deed was filed for record with the county clerk of Dallas county on the 13th day of July, 1923, and thereafter duly recorded. On December 10, 1923, Lula E. Ledbetter executed a deed of trust to Wm. T. Sargent, as trustee, conveying the property in controversy to secure the note executed by Lula E. Ledbetter for $4,500, payable to the order of J. M. Scales in monthly installments of $120 per month, the first installment due on or before January 10, 1924. The deed of trust provided for the sale of the property to pay the indebtedness upon default in its payment, which note and deed of trust lien were by written instrument dated December 10, 1923, for a valuable consideration, conveyed by said Scales to appellant.

Default was made in the payment of the note on March 4, 1924, and Wm. T. Sargent, as trustee under the deed of trust, in compliance with its terms, conveyed the property in controversy to appellant, who thereafter brought a suit in trespass to try title in the Fourteenth district court against Lula E. Ledbetter, being No. 51739, in which she filed an answer consisting of plea of not guilty. Judgment was rendered therein on November 10, 1924, in favor of Harper and against Lula E. Ledbetter, vesting the title to the property in controversy in Harper. All the defendants to the partition suit agreed that same should be brought in order to have the title to the property in controversy placed in Lula E. Ledbetter so she could borrow money thereon for the purpose of improving the place as her home, and for the purpose of providing her with means of revenue, and agreed that the title was to be placed in her through such partition suit for the purpose of enabling her to mortgage the property as security for the money necessary to be borrowed to make the contemplated improvements. The im-

provements on the property were made in full accordance with the agreement of the parties, but at a cost in excess of the amount estimated. Appellant did not know whether or not appellees had received the money they were entitled to from the receiver, and had no knowledge whatever of the adverse interests now asserted by appellees against him on account of his purchase of the note and the transactions had in reference to the property prior thereto. Neither Mary V. Aulsbrook, her husband, Stanley Aulsbrook, nor W. M. Ledbetter, were in possession of or entitled to the possession of the property for the two years next preceding the filing of this suit.

[1] It is clearly apparent that appellant did not have any knowledge of the nonpayment by the receiver of the money in the partition suit, or that he had not received the consideration recited to have been paid him in the deed executed by said receiver to Lula E. Ledbetter. The partition proceedings on their face placed the legal title in Lula E. Ledbetter, which, with her possession, was every indicia of ownership necessary to induce a careful and conservative person to purchase the note, relying upon the proceedings to vest in him all the rights apparent on their face, especially as against the adult parties. The deed of trust is dated December, ———, 1923, and appellant purchased the note secured thereby in that month, paying a valuable consideration therefor. There is no evidence whatever in the record disclosing that he had any knowledge of the matters now complained of by appellees. This certainly constitutes ample ground for denying to the adult appellees the relief sought, as the burden rested upon them under their claim of interest in the land to show that appellant, when he acquired the note and deed of trust lien securing the payment of same, had notice of their equity now asserted to defeat the legal title acquired by him under the proceedings leading up to the execution of the deed by trustee under foreclosure of the deed of trust by trustee's sale. Johnson v. Bingham (Tex. Com. App.) 265 S. W. 130.

[2] All the defendants to the partition suit, including the appellees in whose favor the court continued in force the temporary writ of injunction, having agreed to place the title in Lula E. Ledbetter so as to permit her to deal with same as her own, especially for the purpose of mortgaging the property in controversy and in pursuance of such agreement, she having mortgaged it and the mortgage having been foreclosed and title thereby passed to appellant as purchaser at the foreclosure sale, and he having brought suit in the Fourteenth district court

against Lula E. Ledbetter and obtained a decree vesting title in him, appellees, except the minor appellees, were in legal effect parties to that judgment and are bound thereby, and therefore not entitled to the relief sought in this proceeding. Estey & Camp v. Luther (Tex. Civ. App.) 142 S. W. 649; Houston Oil Co. v. Village Mills (Tex. Com. App.) 241 S. W. 122.

[3] However, in disposing of this appeal, it is not necessary to apply either one of the above rules of law to the minor appellees, as such questions are not now before us as to them. This, by reason of the fact that the record shows that the money representing the interest of said minors was paid into the registry of the court in the partition suit and that one of the minors, having arrived of age, had received his proportionate share of the money and that there remains in the registry of the court the amount thereof the other minor is entitled to receive. There being no other charge against the validity of the partition proceedings other than that the money was not paid by the grantee in the deed executed by the receiver as therein recited in consideration of the land conveyed, and was not at any time received by the parties entitled to receive same in proportion to their interests therein, the receipt by any one of the parties at interest of his portion is a complete defense to the equitable relief sought by appellees against appellant. Therefore we approve the holding of the court denying, not only to the other parties but to the minor appellees, the relief sought, and hold that as to the relief extended by the trial court to appellees W. M. Ledbetter and Mary V. Aulsbrook and husband, Stanley Aulsbrook, the court was in error, and, to that extent, reverse the cause and render same for appellant, dissolving the injunction as granted restraining appellant from dispossessing said appellees of the property in controversy under the writ of possession issued on the judgment rendered in cause No. 51739 in the Fourteenth district court of Dallas county, entitled N. M. Harper v. Lula E. Ledbetter.

[4] The conclusion reached as to the appellees W. M. Ledbetter and Mary Aulsbrook and husband, Stanley Aulsbrook, would, in our opinion, be justified on the ground that they were never in possession of the property; that is, from the time of the death of Arthur L. Ledbetter, Sr., up to the filing of this suit. Therefore, they have no right to enjoin the enforcement of the writ of possession, their right of possession or interest in the property not being in any respect involved or affected thereby so as to entitle them to that relief.

Reversed and rendered.