## WHITTINGHILL v. BOARD OF COM'RS OF WOODWARD COUNTY.

No. 9045—Opinion Filed Aug. 20, 1918.

(174 Pac. 489.)

### Counties — Contracts — Employment to Perform Public Duties.

A board of county commissioners, in the absence of express legislative authority, has no power to contract with and employ another to perform duties which have by law been placed upon public officers.

Error from District Court, Woodward County; James B. Cullison, Judge.

J. P. Whittinghill filed a claim for compensation with the Board of County Commissioners of Woodward County. From a reduction of the claim, he appealed to the district court, and from the judgment of such court, sustaining a demurrer to his claim, plaintiff brings error. Affirmed.

Stuart, Cruce & Cruce, for plaintiff in error.

L. A. Foster, for defendant in error.

TISINGER, J. On September 7, 1915, plaintiff in error, J. P. Whittinghill, and defendants in error, the board of county commissioners of Woodward county, entered into the following written contract:

"Whereas, there is very much delinquent personal tax in Woodward county upon which warrants have been issued and returned by the sheriff, 'No property,' or 'not found,' and, further whereas the said sheriffs are unable to locate said parties or property out of which to make said taxes:

It is therefore agreed between the board of county commissioners of Woodward county, parties of the first part, and J. P. Whittinghill, of the second part, that said J. P. Whittinghill be, and is hereby, employed for the period of fifteen months from this date, to discover out said parties, and any property liable to said tax, and to assist the sheriff of said county thereby in the collection of said taxes. For said services said sheriff shall have the regular fees allowed by law, and said J. P. Whittinghill shall have twenty per centum of the amounts collected on alias tax warrants, in all cases in which he shall assist the said sheriff in the collection of same by the discovery of parties owning the same.

"Said J. P. Whittinghill agrees to faithfully and promptly proceed with the discharge of said duties, and the making of said investigations, and to report his acts monthly to the county treasurer and county clerk.

"The county clerk on behalf of said county will cause to be printed suitable notices and stationery and shall furnish postage necessary in the making of said investigations, to the sheriff's office to be used by said sheriff and said J. P. Whittinghill in the assisting of him in the discharge of the aforesaid duties.

"In testimony whereof, we have hereunto set our hands this September 7, 1915, by the board of commissioners in regular session."

On March 1, 1916, Whittinghill filed with the county clerk his claim against Woodward county for compensation for services rendered under the contract, which was by the board of county commissioners disallowed. From this action of the county commissioners rejecting his claim, he appealed to the district court of Woodward county. The district court sustained a general demurrer filed by the defendants to the claim and demand of the plaintiff, and from the judgment of the court sustaining said demurrer plaintiff brings the case here for review.

The case presents but one question for determination by this court, namely, Is the contract as herein set out one which the county commissioners had power, under the law, to make? The statutes of this state make it the duty of the several county treasurers and sheriffs to collect delinquent personal taxes. Sections 7392 to 7394, inclusive, Revised Laws 1910, and section 7395, Revised Laws 1910, as amended by chapter 192, Session Laws of 1913. These statutes are mandatory. They clearly prescribe the method to be followed by each officer in order to enforce the collection of such delinquent taxes, and provide severe penalties for the failure, neglect, or refusal of such officer to perform his duties thereunder. The law in this jurisdiction seems to be well settled that county commissioners, however necessary a thing may seem to be, have no power, in the absence of express statutory authority, to contract with, employ, or pay a private individual to do a thing, or perform a duty, which the law imposes on a public officer. Board of County Commissioners of Logan County v. Jones, 4 Okla. 341, 51 Pac. 565; Anderson v. Board of Commissioners of Grant County, 44 Okla. 165, 143 Pac. 1145; Baker v. Board of Commmissioners of Okmulgee County, 48 Okla. 737, 150 Pac. 714; News-Dispatch Printing & Auditing Co. v. Board of Commissioners of Grady County, 61 Okla. 259, 161 Pac. 207; Jackson v. Board of Commissioners of Garvin County, 66 Okla. 75, 167 Pac. 227. And as the law contained in the statutes cited makes it the duty of the county treasurer and the sheriff to take all the needful steps to enforce the collection of delinquent personal taxes, and as there is no express statutory authority for the county commissioners to contract with another to assist these officers, or either of them, in the performance of this duty, it follows that the contract made by the county commissioners of Woodward county with the plaintiff is ultra vires and void.

But it is contended by the plaintiff that his employment began where the duties imposed by law upon the county treasurer and sheriff ended; that they had done everything required of them by law, and, in fact, had done everything that they possibly could do to collect the delinquent personal taxes and had failed; and that there was no duty imposed by law upon these officers, or upon any other person, to do the things which plaintiff was employed to do. They further contend that, under these circumstances, the county commissioners had implied authority to employ the plaintiff and to pay him for his services. With these contentions we cannot agree. The statutes governing the collection of delinquent personal taxes, cited supra, make it the imperative duty of the county treasurer, within 30 days after such taxes become delinquent, to issue warrants commanding the sheriff to levy the amount of such unpaid taxes, with costs, etc., and it is made the imperative duty of the sheriff, on receipt of such warrant, to levy the same upon the property of the taxpayer and sell the same in the manner and form as provided for the sale of personal property on execution. It is further made the duty of the sheriff, in making return of delinquent tax warrants to the treasurer, to

note in the return the county to which the delinquent taxpayer may have removed, with the date of his removal, or the county in which he resides, if he shall be able to ascertain such facts, and, as to such facts, he is required to make diligent inquiry. It is further made the imperative duty of the county treasurer, when tax warrants are returned uncollected, to issue alias warrants to the sheriff of his county, or to the sheriff of any other county, and it then becomes the imperative duty of such sheriff, to collect the delinquent tax, together with all accrued costs and penalties and his own costs, and to this end he is directed to levy the same upon any property, real or personal, of the delinquent taxpayer and to advertise and sell the same as upon execution. It is further made the imperative duty of the county treasurer to bring suit against any person or corporation owing delinquent taxes, where there is no tangible property upon which the tax warrant against such person or corporation can be levied, for the recovery of such taxes. It seems to us that the Legislature attempted to provide by these statues a positive, adequate, and complete method for collecting delinquent personal taxes, and that the duty of collecting them was placed on the two county officers named, to wit, the county treasurer and the sheriff.

The contention of plaintiff that his employment began where the duties imposed by law upon the county treasurer and the sheriff ended appear to us to be untenable in the followings respects: First, the duties placed on these officers end only when the taxes are collected and are converted into the treasury; second, the contract made by the county commissioners with plaintiff shows that plaintiff was to be compensated out of the amounts collected on alias tax warrants, when the law makes it the duty of the sheriff to collect the same; third, the contract and claim sued on show that the plaintiff seeks recovery for assisting the sheriff in the discovery of delinquent taxpayers and their property liable for taxes, when the law makes it the duty of the sheriff to find the delinquent taxpayer and to levy on and sell his property in order to collect the taxes for which he is delinquent; fourth, the contract and claim sued on show that the plaintiff seeks recovery merely for assisting the sheriff in the performance of his duties. The duties of the sheriff had not ended, else he would not have required any assistance in order to completely perform them. It necessarily follows that the county commissioners had no implied authority to employ the plaintiff and pay him for his services. For, if the statutes make

it the duty of the county treasurer and the sheriff to do the very things which the plaintiff claims he was employed to do, certainly there could not be any implied power or authority in the county commissioners to contract with the plaintiff to do those things. News-Dispatch Printing & Auditing Co. v. Board of Commissioners of Grady County, 61 Okla. 259, 161 Pac. 207; Chase v. Board of Commissioners, 37 Colo. 268, 86 Pac. 1011, 11 Ann. Cas. 483.

These views lead to the conclusion that the district court of Woodward county committed no error in sustaining the demurrer to plaintiff's claim and demand, and its judgment in so doing is therefore affirmed.