F. F. BURCHARD, Doing Business under the Style and Firm Name of F. F. Burchard & Company, Appellant, v. THE STATE OF NORTH DAKOTA, Doing Business as the State Bonding Fund, Respondent.

(227 N. W. 564.)

Opinion filed October 31, 1929.   Rehearing denied December 10, 1929.

*F. O. Hellstrom,* for appellant.

*James Morris,* Attorney General, and *Charles Simon,* Assistant Attorney General, for respondent.

BURKE, Ch. J.   This is an action to recover compensation for services. The plaintiff who is engaged in business, under the style and firm name of F. F. Burchard & Company, is a licensed and practicing

public accountant; and on the sixteenth of March, 1927, the Dalphin School District, No. 17, Divide county, in the state of North Dakota, had on file a claim with the bonding fund, for shortages arising from the irregularity and shortages of one O. E. Long, who was bonded by the said fund as the treasurer of said school district; that on the said sixteenth day of March, 1927, the state bonding department entered into a contract with the plaintiff by the terms of which the plaintiff at his own expense was to make a check up of the alleged shortages of the said O. E. Long, and that said bonding department would pay to the plaintiff for his services and expenses for making the said check up, and report to the bonding fund of the shortages of the said O. E. Long its treasurer a sum equal to fifty per cent of the difference between the reported shortage of $4,000, which sum the auditing board had accepted as a determined liability of the bonding fund, and any sum or settlement less than the said $4,000 which said plaintiff should be able to effect with said school district; that the plaintiff completed his work in checking up on the 10th day of April, 1927, made a final settlement with said school district for the sum of $900, thereby saving to the bonding fund $3,100 for which under the contract he was entitled to $1,550 less $636.48 which had been paid by the bonding department. There was a demurrer to this complaint, and from an order and judgment sustaining the demurrer the plaintiff appeals.

The only question involved, is, whether the bonding department had authority to employ the plaintiff for the purpose of auditing the account in question on a contingent fee. The state bonding department has no authority, except, such as is given to it by §§ 200b8, 200b11, and 200b18, supplement to the Compiled Laws of 1913.

200b8. "In case any public employee shall default or create a liability against said state bonding fund, the commissioner shall notify the state examiner who shall immediately check the accounts of such public employee and file a report with the commissioner, stating the amount if any due from the state bonding fund. For such services he shall be paid out of the state bonding fund the same fee as he is paid for examining the accounts of county officers."

200b11. "If at any time, the commissioner shall be of the opinion that the interests of the state bonding fund are jeopardized by the misconduct or inefficiency of any public employee, he shall make or re-

quest the state examiner to make an examination, and if necessary cause an action for the accounting to be instituted against such public employee for the purpose of requiring a complete disclosure of the business of the office of which such official is an incumbent. . . . If at any time the commissioner deems it advisable, it shall be his duty to make a complaint to the governor, requesting the governor to institute an investigation with the purpose of removing from office any defaulting official or any official who so conducts the affairs of his office so as to endanger the state bonding fund."

200b18. "The commissioner shall have authority to employ such clerical and other assistance and fix their compensation, and incur and pay such other expenses as may be necessary, the cost of which shall be paid. from the state bonding fund upon warrants drawn by the commissioner upon the state treasurer and against the state bonding fund and shall in no event exceed ten per cent of the amount received into such fund in any calendar year."

It is clear from these different sections, that in case of default or liability on the part of any public employee, it is the duty of the commissioner to notify the state examiner and it is his duty to check the account of such public employee and report to the commissioner. This is the procedure when the commissioner has knowledge or notice, of the default or liability. If he has not the knowledge or notice, but is of the opinion, that the interests of the state bonding fund are jeopardized by the misconduct or inefficiency of any employee he then proceeds under § 200b11. He must then make an examination himself, or through his office by employees under his supervision, or he may request the state examiner to make the examination, or he may bring an action for an accounting, or he may make complaint to the governor requesting the governor to institute an investigation.

Under § 200b18, the commissioner has authority to employ such clerical and other assistance and fix their compensation, and incur and pay such other expenses as may be necessary, the cost of which shall be paid from the state bonding fund upon warrants drawn by the commissioner upon the state treasurer and against the state bonding fund. But nowhere in the act is authority given to him to make contracts with private individuals for checking, or auditing the account of any public employee on a contingent fee basis.

In the case of Murphy v. Swanson, 50 N. D. 788, 32 A.L.R. 82, 198 N. W. 116, this court said:

"The duties to be performed . . . under the contract are plainly duties imposed by law on other public officers. We must, therefore, hold the contract to be beyond the implied power of the county board to enter into, and therefore, void. Storey v. Murphy, 9 N. D. 115, 81 N. W. 23; Grannis v. Blue Earth County, 81 Minn. 55, 83 N. W. 495; Stevens v. Henry County, 218 Ill. 468, 4 L.R.A.(N.S.) 339, 75 N. E. 1024, 4 Ann. Cas. 136, and Chase v. Boulder County, 37 Colo. 268, 86 Pac. 1011, 11 Ann. Cas. 483; State ex rel. Coleman v. Dickinson County (State ex rel. Coleman v. Fry) 77 Kan. 540, 16 L.R.A. (N.S.) 476, 95 Pac. 392; Pierson v. Minnehaha County, 28 S. D. 534, 38 L.R.A.(N.S.) 261, 134 N. W. 212; State ex rel. Workman v. Goldthait, 172 Ind. 210, 87 N. E. 133, 19 Ann. Cas. 737; Whittinghill v. Woodward County, 68 Okla. 320, 11 A.L.R. 910, 174 Pac. 489."

46 C. J. 1032, states the general and settled rule of law as follows:

"In addition to powers expressly conferred upon him by law, an officer has by implication such powers as are necessary for the due and efficient exercise of those expressly granted, or such as may be fairly implied therefrom. But no powers will be implied other than those which are necessary for the effective exercise and discharge of the powers and duties expressly conferred and imposed, and where the mode of performance of ministerial duties is prescribed, no further power is implied."

In the case of Fancher v. Grant County, 28 N. M. 179, 210 Pac. 237, the court said:

"The test is not whether the duty is primary or secondary, but whether provision has been made by law for the accomplishment of the end, or the doing of the work, or the performance of the service, for the benefit of the public, in its organized capacity. In other words, has a public agency been created to do the work, or perform the service? Whether the agency created is as competent and capable as some private individual is, to perform the service, is not the subject of inquiry by the courts. This is a matter for legislative consideration exclusively."

In the case at bar, the duties to be performed under the contract are duties imposed by law on public officers. The plaintiff was not

employed to assist the commissioner, or to enable him in any way to perform the duty, which the law charges him with. It is well settled, that a public officer has no power to contract with and employ another to perform the duties which have by law been placed upon public officers in the absence of expressed legislative authority.

Sections 200b8, 200b11 and 200b18 directly and specifically provide for the examination and auditing of the accounts of any public employee, by the commissioner, or by the public examiner, and there can be no implied authority to contract with a private person, for auditing the accounts of a public employee when the law specifically designates certain public officials to do the auditing. .

The order sustaining the demurrer is affirmed.

CHRISTIANSON, BIRDZELL, NUESSLE, and BURR, JJ., concur.