WARD, Respondent, v. BROWN COUNTY, et al, Appellants

(7 N. W.2d 622.)

(File No. 8536. Opinion filed January 19, 1943.)

**Fuller & Campbell,** of Aberdeen, and **Tom Kirby,** of Sioux Falls, for Appellants.

**Love & Lindau,** of Aberdeen, for Respondent.

**E. B. Harkin** and **F. W. Noll,** both of Aberdeen, for Respondent on appeal.

POLLEY, J.   This appeal is from a judgment of the circuit court in and for Brown County, affirming an order made by the State Industrial Commissioner awarding to plaintiff compensation on a claim filed by plaintiff for personal injuries suffered by him while in the alleged employ of said Brown County, through the agency of the county board of insanity.

The county board of insanity is created by, and the procedure thereof is provided for in detail by SDC 30.01. The board consists of the county judge, who by the statute is made chairman of the board, the state's attorney of the county, and the county physician, either two of whom, in absence of the other, shall, constitute a quorum and may transact the business of the board.   SDC 30.0103.

In the claim filed with the Industrial Commissioner plaintiff alleged that on the .30th day of November, 1940, plaintiff being then and there in the employ of said Brown County, acting as a guard for an insane person, then in the care and custody of said board of insanity, and while plaintiff was performing his duties as such guard, and in the course of his employment, he was assaulted by said insane

person and so severely injured by said assault that he was necessarily confined in the hospital for a period of three weeks for which he incurred a hospital bill of $61, and it is the injuries suffered by such assault for which he is seeking compensation in this case.

A hearing on said claim was had by said Commissioner and the above mentioned order of award was made. From this order the county appealed to the circuit court in and for Brown County. A trial was had in said circuit court which resulted in a judgment affirming the award made by the Industrial Commissioner. The county being dissatisfied with this judgment, appeals to this court.

At the close of the trial by the Industrial Commissioner, he made full and complete findings of fact wherein he found, among other things, that on the 30th day of November, 1940, the claimant, Jesse C. Ward, was in the employ of Brown County, through the agency of the board of insanity, to act as a guard or attendant of an insane patient then in the custody of the said board.

Defendant challenges this finding of fact and says:

"(a) The undisputed evidence shows that the plaintiff, Jesse C. Ward, was not an employe of the defendant, Brown County, South Dakota, at the time he received his accident and injury.

"(b) If he was an employe at all he was an employe of the State of South Dakota, or the Superintendent of the Hospital for the Insane, or the Chief of Police of Aberdeen, South Dakota."

With this contention we are unable to agree. There is no evidence showing nor tending to show that plaintiff was employed by either the Superintendent of the Hospital for the Insane at Yankton, the State of South Dakota, or the Chief of Police of Aberdeen. The insane patient was brought before the board of insanity upon a warrant issued by the county judge on a verified complaint filed with him by a resident of the county. This gave the board of insanity jurisdiction of the insane patient, (SDC 30.0104), and having had authority to take him into their custody, they had the

implied authority to employ the plaintiff to act as a guard to protect and care for him until he was delivered into the custody of the superintendent of the asylum for the insane. Burchard v. State, 58 N. D. 841, 227 N. W. 564.

█ It appears from the record that before the evidence in the insanity hearing was heard the members of the insanity board anticipated that they would need a guard to stay with the insane patient until he could be delivered to the Superintendent of the Hospital for the Insane. The chairman of the board, Judge Thos. L. Arnold, suggested to Dr. W. D. Farrell, the medical member of the board, that he telephone to the chief of police and ask him to send a man to act as such guard. Dr. Farrell acted on this suggestion and telephoned to the chief of police. He in turn sent word to plaintiff that he was wanted by the county board of insanity at St. Luke's Hospital to act as guard for a county patient. Plaintiff reported at the hospital at about 7 o'clock in the evening, and there found the patient in charge of Dr. Farrell, member of the insanity board. Plaintiff then entered into an express agreement with Dr. Farrell as a member of the board of insanity of Brown County to stay at St. Luke's Hospital and watch said patient from 7 o'clock in the evening of November 29 to 7 o'clock in the morning of November 30, twelve hours, for which he was to be paid 35¢ per hour. The chief of police was in nowise interested in nor did he assume any responsibility in this transaction, but it had been the custom of the board of insanity for several years past when they wanted a man to watch an insane patient to ask the chief of police to send them a man to act in that capacity. The reason being, that "the police had a list of men who were looking for work and wanted jobs of that kind and they, (the police) knew where to put their hands on them." Neither did the Superintendent of the Hospital for the Insane have any jurisdiction nor assume any responsibility in the case until after the provisions of SDC 30.0113 had been fully performed by the board of insanity. This section, in part, provides as follows: "Whenever a person shall by such board be adjudged insane or com-

mitted for examination and observation, it shall be the duty of the chairman of such board of the county in which such person is so judged, to notify the Superintendent of the Hospital for the Insane by forthwith forwarding to him a duplicate copy of the report of the examining physician and a duplicate warrant committing the patient, together with a copy of the record of the testimony and the findings of the board, and in case the Superintendent of the Hospital for the Insane shall determine that such person so adjudged insane is a proper subject for care and treatment in such Hospital, such Superintendent shall forthwith send a suitable person from among the employees of the Hospital who has had experience in the care of insane persons to the county seat of the county in which such person so adjudged insane is held, which employee shall act as attendant for and shall take charge of such insane person while enroute to the Hospital for the Insane. If it should be determined by such attendant and the chairman of the county board of insanity, that help is necessary in conveying such insane person to the Hospital for the Insane, such chairman shall appoint a suitable person to assist such attendant in so conveying such insane person to the Hospital for the Insane. * * *''

When all these acts have been performed and the patient given into custody of the Superintendent of the Insane Asylum, the jurisdiction of the insanity board is at an end, and the jurisdiction of the Superintendent of the Hospital for the Insane begins. Neither of these acts had been performed by the board of insanity until after plaintiff had been assaulted by the patient on the morning of November 30. True, the order committing the patient to the hospital for the insane had been made some time during the afternoon of November 29, but he had not been delivered into the custody of the superintendent until after the assault.

The hospital bill amounting to $61 for caring for plaintiff while he was confined in the hospital as a result of the assault by the insane patient, was presented to the board of County Commissioners of Brown County for pay-

ment. The bill was approved by the chairman of the board of insanity and paid by the county solely on the ground that he was an employe of the county at the time he received the injury. This amounted to a complete ratification of the employment. The board could not legally have allowed the claim except on the ground that the plaintiff was in the employ of the county.

The undisputed evidence shows that the claimant took charge of the insane person at 7 o'clock on the evening of the 29th of November, and pursuant to his agreement with Dr. Farrell watched the patient until about 7 o'clock on the morning of November 30.

■ The Commissioner made the following conclusion of law: No. 3. "That the Brown County Board of Insanity, is an agency of Brown County, a body corporate of the State of South Dakota, created by law, under the provisions of SDC 30.01; that Brown County, a body corporate of the State of South Dakota, is bound by the acts of its agents in the performance of duties imposed by law." This conclusion of law is amply supported by the evidence, and by the findings made by the Commissioner, and no exceptions thereto were taken by the defendant.

Other assignments made by the appellants have all been carefully considered by the court, and we believe they are covered and fully disposed of by what has already been said by the court.

The judgment appealed from is affirmed.

All the Judges concur.