McMILLAN, Respondent, vs. BARBER ASPHALT PAVING COMPANY, Appellant.

*October 8—October 29, 1912.*

*Municipal corporations: Public improvements: Bribery: Illegal contract: Injunction: Judgment, upon whom binding: Contractor taking part in defense though not a party: Performance of contract pending appeal: Right to compensation: Invalidity of improvement bond: Innocent purchaser: Equitable remedies: Reassessment.*

1. Where, in an action to restrain a city from entering into a paving contract with a certain company because the latter had bought off the opposition of one of the aldermen, the company was not made a party, but its counsel, under a general retainer from it and at its expense, participated with the counsel for the city in the trial, defending in the name of the city but for the company, a judgment in favor of the plaintiff was binding upon the company as well as upon the city.

2. A preliminary injunction in such action was dissolved and defendant had judgment. Pending an appeal the contract was entered into and was fully performed by the paving company. The appeal resulted in a decision holding the contract illegal and in a final judgment for plaintiff enjoining its execution, relating back to the time when the action was begun. *Held,* that the paving company had performed the contract at its peril, and that the illegality thereof, established by said judgment, might thereafter be taken advantage of by the plaintiff in an action to annul a special improvement bond issued to the company against his property.

3. It appearing that the improvement bond had been sold to an innocent purchaser, so that the equitable remedy asked for could not be granted, judgment was properly rendered against the defendant paving company for the present worth of the bond.

4. As to the plaintiff, the paving company was a wrongdoer, placing improvements upon his property against his will, and had no equitable right to compensation.

5. The reassessment statute (sec. 1210d, Stats.) does not apply where, as here, the work has been done in the face of pending preventive litigation.

6. The illegality inherent in the paving contract continued and vitiated it notwithstanding the resignation of the erring alderman and the subsequent execution of the written evidence of the con-

tract by the remaining city officers. The relation of principal and agent did not exist between the city and the alderman so that the city could, by accepting the benefits of the corrupt contract, ratify it.

7. The facts that an alderman agreed to and did withdraw his opposition to the letting of a contract for a public improvement in consideration of a concession of pecuniary value made by the contractor to all persons, including such alderman, and that the alderman thereafter availed himself of such concession to his own private pecuniary advantage, are sufficient to avoid the contract.

8. Where a court declares a contract illegal and enjoins its execution, no rights against the party in whose favor the decree is made can be founded on an execution of that contract, unless the parties, before or after such execution, take such steps as are equivalent to the making of a new contract upon a new and lawful consideration.

9. Equity may in all cases so frame its decrees as to make them effective to do equity, and the forms of equitable relief are as various as the transactions investigated and regulated in equity.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

*Frank M. Hoyt,* for the appellant.

*H. E. Swett,* for the respondent.

TIMLIN, J. In *McMillan v. Fond du Lac,* 139 Wis. 367, 120 N. W. 240, the city of Fond du Lac was enjoined from entering into the paving contract in question because the *Barber Asphalt Paving Company* had bought off the opposition of an alderman named Dockery to such contract by a concession to him and others of a reduction of $6 per thousand upon paving brick which that company was selling. When the former case was begun the contract was executory, a preliminary injunction restraining its execution was obtained, but vacated on motion of the city, and the circuit judge refused to continue it pending the appeal to this court. While that appeal was pending the contract in question was executed by the city and the paving company and the pavement therein provided for was laid. After the decision of this court on

March 9, 1909, although the contract had been then executed, judgment in the circuit court was entered enjoining the execution of that contract, thus relating back to the time of the commencement of that action and giving the plaintiff, *McMillan,* the benefit of his temporary injunction which the circuit court had wrongfully refused to continue pending the appeal. The present defendant was not a party to the former action, but its counsel appeared therein and participated in the defense in the circuit court and in this court. He was then under a general retainer from the defendant in this cause, he made no charge against the city, and this defendant paid his expenses. The city had other counsel, but the defendant's counsel, while defending in the name of the city and to some extent for the city, was also defending for the *Barber Asphalt Paving Company* in the name of the city. It could not have been otherwise. Under such circumstances the judgment in the former action was binding upon the defendant in this cause as well as upon the city of Fond du Lac. *Kolpack v. Kolpack,* 128 Wis. 169, 107 N. W. 457, and cases cited; *Rowell v. Smith,* 123 Wis. 510, 102 N. W. 1.

When the paving work was completed under the contract in question payment was made to the defendant in special improvement bonds pursuant to secs. 925—190, 925—192, 925—193, ch. 40a, Stats. (1898). A bond was issued against plaintiff's property. The plaintiff thereafter brought this action to cancel and annul this special improvement bond. It appeared on the trial that the bond had been sold by the defendant to an innocent purchaser, and judgment was rendered in favor of the plaintiff and against the defendant for the present worth of this bond, amounting to $1,214.58. This procedure was correct. *Luetzke v. Roberts,* 130 Wis. 97, 109 N. W. 949. Where a suit within the jurisdiction of equity is launched in good faith, and it thereafter appears that by reason of acts of the defendant or the intervention of the rights of innocent third parties the equitable remedy is due to the

plaintiff but impossible to be carried out, the courts may and frequently do decree money compensation in lieu of such other remedy. *Bigelow v. Washburn,* 98 Wis. 553, 74 N. W. 362; *Chippewa B. Co. v. Durand,* 122 Wis. 85, 99 N. W. 603.

The defendant also contends upon this appeal that notwithstanding the adjudication that the contract in question could not be legally entered into, yet the fact that such contract was, while the judgment of the court below sustaining it stood, not only entered into but fully performed, now operates to deprive the plaintiff of any benefit of the former judgment of this court. We cannot assent to this. The defendant, after it was informed by the commencement of the other action that its contract was tainted with illegality, went on and performed the same at its peril. It merely took its chances of the plaintiff making good his contentions and annulling the contract. Any other rule would permit the trustee and a third person, or a municipal corporation and a third person, to defeat the action of a *cestui que trust* or a taxpayer charging fraudulent collusion by merely continuing the collusion and completing the execution of the writing and performing the work upon the contract after the action to enjoin execution of the same was begun. *Chippewa B. Co. v. Durand, supra.* Courts are not so impotent; the law not so easily disregarded.

The illegality inherent in this contract continued and vitiated the contract notwithstanding the resignation of the erring alderman as a member of the city council and the execution of the written evidence of the contract after such resignation by the remaining city officers. This is not the case of a principal who, after being informed of the fact that his agent had been corruptly influenced by the person with whom he has made a contract on the principal's behalf, yet chooses to permit the contract to be performed and avail himself of the benefits to be derived therefrom. The relation of principal and agent did not exist between the erring alderman and the city.

A municipal corporation cannot condone in this way illegalities of this nature. The plaintiff is entitled to vindicate the rights recognized and established by the judgment in the action in which he prevailed. We find nothing in the conduct of the plaintiff which amounts to a waiver of his right to assert the illegality of the contract declared in *McMillan v. Fond du Lac,* 139 Wis. 367, 120 N. W. 240.

It is argued that the defendant in this cause, when it made the concession upon the price of brick to the erring alderman, did not know that the latter had a private pecuniary interest in obtaining that concession, but thought or might have thought he was acting for the general welfare in so doing. We consider that the defendant in this action is upon this point foreclosed by the decree in *McMillan v. Fond du Lac, supra,* on account of its participation in the defense of that action. But there are also other considerations. It can hardly avail to remove the taint of illegality from an offer to buy off opposition of a public officer to a contract by a reduction of price on a certain staple article of property to profess ignorance of how such reduction would benefit the officer. If this is enough to remove the taint of illegality, then a new, safe, and ingenious method of bribery has been discovered. It is enough to avoid the contract that the officer agreed to and did withdraw his opposition in consideration of concession of pecuniary value made to all, including himself, and that he availed himself of this concession to his own private pecuniary advantage. It is better that those dealing in municipal contracts were made aware that all their acts will be strictly scrutinized. As to the plaintiff, this paving contract between the defendant and the city, made in violation of a law founded upon public policy, is as if it never existed. As to the plaintiff the defendant was a wrongdoer, placing improvements on plaintiff's property against the will of the latter and in spite of opposition. Under such circumstances there is no rule of equity which recognizes the defendant's right to compensation. 3 Pom. Eq. Jur. (3d ed.) § 1241.

The point is made that the reassessment statutes should have been applied in this action. We do not think so. Sec. 1210*d*, Stats. (1898), as amended by chs. 9 and 19, Laws of 1901, ch. 276, Laws of 1903, and ch. 501, Laws of 1905, relates to cases where the work of paving, etc., has not been done in the face of pending preventive litigation. The present is a case where the work was done after the preventive suit was begun and while it was pending. It was not intended by that statute to take away from the courts the power to prevent the execution of an unlawful contract where the action was begun before the contract was consummated and the preventive jurisdiction of equity invoked. Where a court declares a contract illegal and enjoins its execution, no rights against the party in whose favor the decree is made can be founded on an execution of that contract, unless the parties before or after such execution take such steps as are equivalent to the making of a new contract upon a new and lawful consideration. *Chippewa B. Co. v. Durand,* 122 Wis. 85, 99 N. W. 603; *Cawker v. Central B. P. Co.* 140 Wis. 25, 121 N. W. 888. If a connection between the original illegal transaction and a new promise can be traced, no matter how many times and in how many different forms it may be renewed, it cannot form the basis of a recovery. Repeating a void promise cannot give it validity. So every new agreement in furtherance of, or for the purpose of, carrying into effect any of the unexecuted provisions of a previous illegal agreement is likewise illegal and void. 9 Cyc. 562, citing, among other cases, *Everingham v. Meighan,* 55 Wis. 354, 13 N. W. 269. In the early stages of equity jurisprudence decrees were enforced only *in personam.* 1 Pom. Eq. Jur. (3d ed.) §§ 135, 170. This rule has long since given way to the paramount rule that equity may in all cases so frame its decrees as to make them effective to do equity, and now the forms of equitable relief are as various as the transactions investigated and regulated in equity. *Chippewa B. Co. v. Durand, supra; Smith v. Northwestern Nat. L. Ins. Co.* 123

Wis. 586, 102 N. W. 57; *Ward v. Billups,* 76 Tex. 466, 13
S. W. 308; *Morris v. Bradford,* 19 Ga. 527; *Rowell v. Rowell,*
122 Wis. 1, 99 N. W. 473; *Bresnahan v. Bresnahan,* 46 Wis.
385, 1 N. W. 39; *Bailey v. Champlain M. & P. Co.* 77 Wis.
453, 46 N. W. 339.

*By the Court.*—The judgment of the circuit court is af-
firmed.