CITY OF FOND DU LAC, Respondent, vs. BARBER ASPHALT
PAVING COMPANY, Appellant.

*February 25—March 17, 1914.*

*Appeal: Prior decisions adhered to: Municipal corporations: Il-
legal contract: Judgment, upon whom binding: Recovery of
money paid on void contract: Laches.*

1. Prior decisions of this court to the effect that defendant's pav-
ing contract with the plaintiff city was vitiated by fraud,
and that the judgment in an action to restrain the city from
making such contract was binding on defendant, which ap-
peared in such action by counsel, are adhered to upon prac-
tically the same record.

2. The fact that an action by a city to recover money paid by it
on an illegal contract was not brought until more than two
years after the payment did not necessarily show laches pre-
cluding a recovery, it not appearing that the delay operated
in any way to defendant's disadvantage.

APPEAL from a judgment of the circuit court for Fond du
Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

Action to recover money paid by the city for a pavement
under a void and fraudulent contract. Further facts appear
in *McMillan v. Fond du Lac,* 139 Wis. 367, 120 N. W. 240,
and in *McMillan v. Barber A. P. Co.* 151 Wis. 48, 138 N.
W. 94. The trial court held the plaintiff was entitled to re-
cover, and from a judgment entered accordingly the defend-
ant appealed.

*Frank M. Hoyt,* for the appellant.

For the respondent the cause was submitted on the brief
of *L. E. Lurvey,* city attorney, and *H. E. Swett,* of counsel.

VINJE, J. Defendant again argues the absence of fraud
in its contract with the city, though this court has twice held
to the contrary. *McMillan v. Fond du Lac,* 139 Wis. 367,
120 N. W. 240, and *McMillan v. Barber A. P. Co.* 151 Wis.
48, 138 N. W. 94. That the hardship imposed upon it by

the ruling in the latter case was necessitated by its own conduct was clearly shown by the opinion of the court therein, and the grounds therefor need not be restated. The way of transgressors is still hard.

It is also urged that the defendant is not concluded by the judgment in the case of *McMillan v. Fond du Lac,* 139 Wis. 367, 120 N. W. 240, because, while it appeared by counsel in that case, it did not have control of the litigation. The same contention was made in *McMillan v. Barber A. P. Co.* 151 Wis. 48, 138 N. W. 94, upon practically the same record, and was disposed of adversely to the defendant. We are satisfied the ruling was correct.

Plaintiff paid the money sought to be recovered in January, 1909, and this action was begun in March, 1911. It is claimed the city has been guilty of such laches as to preclude a recovery. It does not appear that the delay has in any way operated to the disadvantage of the defendant. So, irrespective of the correctness of the claim of the plaintiff that it required about two years to elect officials who would prosecute the action, it cannot be held that the trial court erred in finding there was no laches.

*By the Court.*—Judgment affirmed.