JUDITH BASIN COUNTY EX REL. VRALSTED, COUNTY ATTORNEY, APPELLANT, v. LIVINGSTON ET AL., RE-SPONDENTS.

(No. 6,734.)

(Submitted March 12, 1931. Decided April 14, 1931.)

[298 Pac. 356.]

Mr. *L. A. Foot,* Attorney General, Mr. *C. N. Davidson,* Assistant Attorney General, and Mr. *H. O. Vralsted,* County Attorney, submitted an original and a reply brief; Mr. *Davidson* argued the cause orally.

*Mr. John B. Muzzy,* for Respondent J. D. Dwyer, submitted a brief and argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

This action was brought by plaintiff to restrain the payment of a county warrant issued to defendant Dwyer. From a judgment for defendants, plaintiff appeals.

The facts out of which the controversy arose are these: On August 25, 1928, the board of county commissioners of Judith Basin county entered into a contract with defendant Dwyer, under the terms of which Dwyer agreed to audit the financial books of the county covering the period beginning January 1, 1928, and ending June 30, 1931. The contract provided for reports at stated intervals to the board; that Dwyer should on request of the board report verbally from time to time and appear before it four times a year and render such assistance to all county officers as well as to the board in connection with county affairs, and pertaining to procedure in connection with county affairs, and "to check out the County Treasurer's retiring and check in his successor during the life of this contract." Dwyer's compensation was fixed at $150 per month for the period covered by the contract. On July 26, 1929, Dwyer presented his claim for services for the period from March 1, 1929, to June 30, 1929. Claims for prior services had been filed, approved, and paid and are not involved in this proceeding. The claim was duly approved and allowed by the board. The county on the relation of the county attorney brought this action to restrain the payment of the warrant issued thereon, alleging that the board was without authority

to enter into the contract. The sole question presented for our determination is whether the contract is valid.

It is the contention of plaintiff that the audits and reports covered by the contract are those required to be made by the state examiner and, in consequence, the board was without authority to enter into the contract; while defendants contend that the duties imposed upon Dwyer under the contract are entirely different from those imposed by statute upon the state examiner, and that, under the provisions of section 4465, Revised Codes 1921, the board has implied power to enter into the contract.

Counties are subdivisions of the state, of statutory creation, ▉▉▉▉ and when they assume to act, authority therefor must be found in the statutes conferring power upon them. (*State ex rel. Blair* v. *Kuhr*, 86 Mont. 377, 283 Pac. 758.) A board of county commissioners may exercise only such powers as are expressly conferred upon it by statute or necessarily implied from those expressly granted. (*Simpson* v. *Silver Bow County*, 87 Mont. 83, 285 Pac. 195.) The board may not enter into a contract for services, the performance of which is cast upon a different official and which has the effect of usurping the functions of such other official. (*Simpson* v. *Silver Bow County*, supra; *News-Dispatch Printing & Auditing Co.* v. *Board of Commrs.*, 61 Okl. 259, 161 Pac. 207; *State ex rel. Workman* v. *Goldthait*, 172 Ind. 210, 19 Ann. Cas. 737, 87 N. E. 133; *Platte County* v. *Gerrard*, 12 Neb. 244, 11 N. W. 298; *Frederick* v. *Douglas County*, 96 Wis. 411, 71 N. W. 798; *Chase* v. *Board of Commrs. of Boulder County*, 37 Colo. 268, 11 Ann. Cas. 483, 86 Pac. 1011.) All persons dealing with officers of counties are bound to ascertain the limits of their authority as fixed by statute and are chargeable with knowledge of such limits. (15 C. J. 541; *Lebcher* v. *Board of Commrs.*, 9 Mont. 315, 23 Pac. 713; *Stange* v. *Esval*, 67 Mont. 301, 215 Pac. 807; *Fanzke* v. *Fergus County*, 76 Mont. 150, 245 Pac. 962.)

Section 210, Revised Codes 1921, as amended by Chapter 78, section 1, Laws of 1923, makes it the duty of the state examiner and his assistants "to examine at least once in each year

the books and accounts of * * * county treasurers, county clerks, county assessors, district court clerks, county auditors, sheriffs, public administrators, boards of county commissioners of each county, and all other officers and boards whether temporary or permanent, however created and for whatever purpose, having the control, management, collection or disbursement of any public moneys of any character or description,'' and after each examination ''must make report of such examination to the board of county commissioners and to the county attorney of such county, within thirty days after such examination; and if any violations of law or nonperformance of duty is found on the part of any county officer or board, such officer or board must be proceeded against by the county attorney of the county as provided by law.''

Subdivision 9 of section 1 of Chapter 78, supra, makes it the duty of the county attorney to report to the state examiner within thirty days ''as to what proceedings he has instituted or is intending to institute relating to violations of law and nonperformance of duty, as set forth in the report of the State Examiner.'' If that officer refuses or neglects to report, the state examiner may withhold the salary of such county attorney until proper and satisfactory explanation has been made, and upon the failure or refusal of the county attorney to act, the state examiner ''may employ an attorney to prosecute such case at the expense of the County.'' (Subdivision 10 of section 1, Id.)

The general and permanent powers of the board of county commissioners are prescribed by section 4465, Revised Codes 1921, as amended by Chapter 95, Laws of 1923. It has jurisdiction and power, under such limitations and restrictions as are prescribed by law: ''1. To supervise the official conduct of all county officers, and officers of· all districts and other subdivisions of the county, charged with assessing, collecting, safe keeping, management, or disbursement of the public revenues; see that they faithfully perform their duties; direct prosecutions for delinquencies; and, when necessary, require them to renew their official bonds, to make reports, and to present their books and accounts for inspection. * * * 11. * * *

To examine and allow the accounts of all officers having the care, management, collection, or disbursement of moneys belonging to the county, or appropriated by law or otherwise for its use and benefit. * * * 25. To perform all other acts and things required by law not in this title enumerated, or which may be necessary to the full discharge of the duties of the chief executive authority of the county government.''

We think it is manifest that the duties imposed upon Dwyer by the contract are those expressly required to be performed by the state examiner. The legislature in creating that office established a co-ordinate instrumentality to assist the county commissioners in the performance of their statutory duties by providing a governmental agency, with broad powers, to examine all the financial affairs of the county. He is given power and authority not possessed by an individual. Public officials are required to act upon reports made by him and adequate penalties are prescribed for the failure or refusal of the county attorney to prosecute proceedings for violations of law or nonperformance of official duty by any county officer. In view of the duties expressly imposed upon the state examiner, we hold that the board was without authority, express or implied, to enter into the contract in suit; it usurps functions, and interferes with the duties, of the state examiner and is void.

But defendants contend that the state examiner only examines the books and accounts of the various officers, while the contract with Dwyer provides for an *audit;* that an audit is more comprehensive and is required in order that the board may properly supervise the county officers. It is true that an audit is more comprehensive, yet an audit includes an examination; but regardless of that fact, the legislature has by statute provided a system deemed adequate, and whether the method and system provided are ample is not the question. If the machinery is ineffective or inadequate, it is for the legislature, and not for the board of county commissioners, to supply the remedy. (*Chase* v. *Board of Commissioners of Boulder County,* supra.) County commissioners, as well as this court, must take the law as it is written by the legislature.

Counsel insist that: "The state examiner is the sole arbiter of the character, extent and frequency of his examinations. He is unfamiliar with conditions in the county and his examination may be wholly inadequate to furnish the board the information requisite to enable it to properly perform its duties." We cannot agree with this. The law requires the state examiner to examine the books and accounts of the various county officers, and we think this means a full and accurate examination of the financial transactions of the county. But one examination in each year is mandatory and special examinations are discretionary and may be made when in the judgment of the state examiner it shall be deemed necessary (sec. 2, Chap. 167, Laws 1929); we indulge the presumption that that officer will faithfully perform the duties of his office and that upon a showing of necessity for a special examination it would be made. We have not the slightest doubt but what the state examiner and his assistants, residents of Montana, are more familiar with the conditions existing in Judith Basin county, and better qualified to advise the board, than Dwyer, a resident of North Dakota. However, if it is desirable that more frequent examinations be had, or that the state examiner be subject to call from the various boards of county commissioners, these are likewise questions to be directed to the consideration of the legislature and not to the courts.

Defendants rely upon the case of *Prothero* v. *Board of Commissioners*, 22 Idaho, 598, 127 Pac. 175, where the supreme court of Idaho held valid a contract similar to the one before us. By statute in Idaho the board of county commissioners has jurisdiction and power to examine and audit the accounts of all officers having the care, management, collection or disbursement of public funds. The decision points out that the examiner is not required to make any report to the several boards of county commissioners and his reports are intended to keep the governor informed as to the financial condition of the counties, and that it was not the intent of the legislature, in providing for a state examiner, to prohibit the boards of county commissioners from auditing the accounts and books of the county officers. In other words, no other means by which

the result could be accomplished was provided by statute. As already pointed out, our statute grants authority to the board to supervise the official conduct of the various officers, not to examine and audit their books and accounts; the state examiner must examine all books and accounts and report the result thereof to the board. The lack of co-ordination between the office of state examiner and the boards of county commissioners, which exists under the Idaho statute, does not exist in this state.

But the contract must be held invalid for another reason. Judith Basin county is of the sixth class. The office of county auditor is charged with the duty "to make an examination of the books and accounts of the county treasurer, the county clerk and recorder, the sheriff, and clerk of the district court, and all other county and township officers, within fifteen days next preceding each regular session of the board of county commissioners at their next session immediately following such examination, unless a longer time be granted him by the board in which to report the same, and said report shall contain a full and complete statement of the moneys received and disbursed by each of the said officers since the last examination and report of the same, and for this purpose the county auditor shall have free access to all books and papers in each of said offices" (sec. 4832, Rev. Codes 1921); and "also perform such other duties, clerical or otherwise, as he may be directed to perform by the county commissioners" (sec. 4834), and exists only in counties of the first, second, third and fourth classes (sec. 4824, Rev. Codes 1921, as amended by Chap. 117, sec. 1, Laws 1923). The legislature has definitely determined that in counties of the sixth class an auditor is not required. To hold such a contract valid would in effect authorize the board to create the office of county auditor in a sixth class county, and effectually nullify the provisions of section 4824, supra, and permit the employment of a county auditor, though not so designated by name, nor bound by oath, nor obligated to devote his entire time to the duties of such office, nor held to a fair and impartial per-

formance of duty by bond such as is exacted from an auditor provided for by express statute.

These conclusions are not at variance with the decisions of this court in *Simpson* v. *Silver Bow County*, supra, *State ex rel. Blair* v. *Kuhr*, supra, and *Arnold* v. *Custer County*, 83 Mont. 130, 269 Pac. 396. In each of these cases it was held that where a power is conferred upon the board of county commissioners, but the mode in which the authority is to be exercised is not indicated, it may in its discretion select any appropriate mode or course of procedure—a question not here involved.

For the reasons stated, the judgment is reversed and the cause remanded to the district court of Judith Basin county, with direction to issue an injunction as prayed for.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, ANGSTMAN and MATTHEWS concur.