State ex rel. Buchanan, Appellant, vs. Cole, County Clerk, and another, Respondents.

*April 2—April 30, 1935.*

For the appellant the cause was submitted on the brief by *Hanitch, Johnson, Fritschler & Barstow* of Superior.

For the respondents there was a brief by *Crawford & Crawford* of Superior, and oral argument by *R. A. Crawford.*

FAIRCHILD, J. Appellant, on September 21, 1933, entered into an arrangement with Douglas county under which he was to conduct for the county an advertising campaign for the sale of real estate held by the county under tax deeds. It was agreed that the lands were to be sold at a sum equal to the amount of delinquent taxes, interest, and charges,

plus fifty per cent of such amount. The fifty per cent addition was to cover compensation and expenses of appellant. Appellant entered upon the discharge of his part of the contract, rendered considerable service, and expended money. The legality of the transaction having been questioned, in order to avoid embarrassment to the county and reduce the likelihood of the sales being held invalid, the appellant agreed to rescind the contract. The county, in this second agreement, promised to pay the appellant the sum of $1,500, plus commissions earned to April 6, 1934, in consideration of his giving up all other demands.

The lands to be dealt with were acquired by the county by tax deeds. In disposing of these lands, the county must find its power and authority in the laws regulating the functions and government of such municipalities. The county may sell its real estate, and in doing so may make proper contracts, and it may exercise such powers and privileges as are granted to it for the performance of the duties charged upon it by law. Sec. 59.01, Stats. Therefore, the validity of the September 21st agreement between the county and appellant depends upon the nature and scope of the authority given by the legislature to the county board with respect to the matter of sale of real estate held by the county under tax deeds. We find the statutes fix the methods and specifically designate the officials who are to, or may, act for the county in disposing of such lands. The transaction is to be conducted by these particular officials without "extra compensation for their services." Sec. 59.08 (19), Stats. Compliance with these methods and the functions of the county thus limited and circumscribed is necessary to any contract. The act of the county board now before us resulted in employing appellant as its agent to sell county lands. This was contrary to the terms of the statute. Secs. 59.08 (19), 59.67 (2), Stats.; *Murphy v. Swanson,* 50 N. D. 788, 198

N. W. 116. The county board may only delegate its power to sell lands acquired by tax deeds to a committee described in sub. (19) of sec. 59.08, Stats.; or it may, by resolution or ordinance, direct the county clerk to sell such land. The general principle which controls the interpretation of the law applicable to this situation is that a county board cannot, by making contracts, divest itself or officers of the county of the authority vested in them by statute. *Beal v. Supervisors of St. Croix County*, 13 Wis. *501.

The contract between appellant and the county provided:

"In the event that the Board of Supervisors of Douglas county shall order that any such land shall be sold at a price greater or less than a sum equal to the delinquent taxes, interest and charges on the date the sale is consummated, the compensation of said first party shall be fifty per cent (50%) of the sum so paid for such land, provided, however, that such compensation shall in no event, for the sale of any tract of land, be greater than fifty per cent (50%) of the sum of the delinquent taxes, interest and charges."

We quote this provision of the contract as indicating the effects of this transfer of duties, from an official who cannot charge, in addition to his regular salary, anything for doing the work he is required to do by law, to one designated or hired to do the same and identical thing that the official is supposed to do. It affords an opportunity for money which should move into the county treasury to go into other channels.

It appearing that the county board had no power in this matter other than as set forth in the provisions of the statute already referred to, it was without authority to create a new and outside agency to supersede the agencies set up by the legislature. *Frederick v. Douglas County*, 96 Wis. 411, 414, 71 N. W. 798.

Because the original contract was invalid, there was nothing to compromise. *Holt Lumber Co. v. Duluth, S. S. & A. R. Co.* 206 Wis. 77, 238 N. W. 839; *Everingham v.*

*Meighan,* 55 Wis. 354, 13 N. W. 269; *McMillan v. Barber Asphalt P. Co.* 151 Wis. 48, 53, 138 N. W. 94; *State ex rel. McKeever v. Cameron,* 179 Wis. 405, 416, 192 N. W. 374. The circuit court was correct in its ruling that the judgment should go in favor of the respondent.

*By the Court.*—Judgment affirmed.