KELLY, APPELLANT, *v.* SILVER BOW COUNTY, ET AL., RESPONDENTS.

No. 9051.

Submitted May 18, 1951. Decided July 27, 1951.

233 Pac. (2d) 1035.

Mr. Harlow Pease, Billings, for appellant.

Mr. Arnold H. Olsen, Atty. Gen., Mr. Thomas F. Joyce, Asst. Atty. Gen., James D. Freebourn, County Attorney, H. K. Jones, Spec. Asst. County Atty., J. Frank Sullivan, Deputy County Atty., Mr. E. J. Foley, Deputy County Atty., and N. A. Rotering, Deputy County Atty., all of Butte, for respondents.

Mr. Pease and Mr. Sullivan argued orally.

MR. JUSTICE ANGSTMAN:

Plaintiff brought this action to recover the sum of approximately $23,000 from the defendants. The court sustained a general demurrer to plaintiff's complaint. He thereafter filed an amended complaint and on motion of defendants the court struck the amended complaint from the files and dismissed the action. Plaintiff has appealed from the judgment.

The action is to recover for services rendered by plaintiff to the defendant county pursuant to a written contract made with the county commissioners. The contract in question reads as follows:

"This agreement made this first day of March 1939, by and between Thomas Merkle, Emmet O'Brien and Dan Sullivan, County Commissioners of Silver Bow County, City of Butte,

State of Montana, parties of the first part and P. J. Kelly, party of the second part.

"That P. J. Kelly, party of the second part, hereby agrees to abstract, send out and post notices and to take out tax deeds to all property designated by the parties of the first part.

"The parties of the first part agree to pay P. J. Kelly, party of the second part, at the rate of fifteen per cent of all money paid to the County Treasurer, on all notices sent out by the said P. J. Kelly, and listed by the said P. J. Kelly, in the office of the County Commissioners and the same percentage will be paid on all tax deeds sold and made out by the said P. J. Kelly. This money will be paid the said P. J. Kelly at a salary designated monthly by the parties of the first part."

The complaint alleges that Kelly worked for about 23 months or up to February 1, 1941; that he was paid a monthly wage, the total payments amounting to $3,737.50; that the commissions earned by him amounted to $26,732.24 pursuant to the terms of the written contract. It alleged the presentation of a claim to the county·which was rejected. A copy of the claim is attached to the complaint wherein it asserts that the sum of $22,994.74 is due "in connection with the abstracting, sending out, and posting of notices with respect to property in Silver Bow County, Montana, upon which taxes were delinquent."

The court properly sustained the demurrer to the original ▮▮ complaint. The rule is that the board of county commissioners may not enter into a contract to place the performance of certain duties upon a different person than the official chargeable by law with the performance thereof. See: Judith Basin County ex rel. Vralsted v. Livingston, 89 Mont. 438, 298 Pac. 356; Simpson v. Silver Bow County, 87 Mont. 83, 285 Pac. 195; Whittinghill v. Board of County Comm'rs, 68 Okl. 320, 174 Pac. 489, 11 A. L. R. 910, and cases cited in the annotation commencing on page 913; Murphy v. Swanson, 50 N. D. 788, 198 N. W. 116, 32 A. L. R. 82.

The duty of making application for tax deeds for property struck off to the county for delinquent taxes and of giving,

posting and causing to be published proper notice of application are duties placed upon the county clerk. R. C. M. 1947, sec. 84-4152. And the matter of the issuing of tax deeds is a duty placed by law upon the county treasurer. R. C. M. 1947, secs. 84-4152, 84-4156, 84-4157.

The agreement on its face charges Kelly with the performance of duties which under the law are required to be performed by county officials. It is true that the contract also relates to abstracting which this court in Arnold v. Custer County, 83 Mont. 130, 269 Pac. 396, said was a proper matter for the county commissioners to contract for, but the rule is that if a part of a single consideration for one or more objects or several considerations for a single object is unlawful the entire contract is void. R. C. M. 1947, sec. 13-504. And see: R. C. M. 1947, sec. 13-404; Hughes v. Mullins, 36 Mont. 267, 92 Pac. 758; 12 Am. Jur., Contracts, sec. 221, p. 739. Furthermore in the Arnold Case the contract was with an abstract company which had information not available in the public records of the county. It is not shown here that plaintiff was an abstractor or that he had information "not available" in the county records. If his services so far as abstracting is concerned contemplated only an investigation of the records in the various county offices, that could be done by a regularly appointed deputy county officer. The legislature has imposed limitations upon salaries of deputies. R. C. M. 1947, secs. 25-603, 25-604, 16-3704. We find no statutory authority for the county commissioners to employ anyone to perform the services in question on a commission basis.

Such a contract was condemned in Murphy v. Swanson, supra, where the court said: "It also appears to us that there is another and additional reason in itself sufficient to require us to hold that this contract is void. While the board of county commissioners is charged with the superintendence of the fiscal affairs of the county and with certain duties with reference to tax matters, and while it has authority generally to enter into contracts on behalf of the county, and though it be conceded

that it has the authority to enter into a contract to employ a special assistant to the state's attorney to the end that property unlawfully escaping taxation may bear its just proportion of the tax burden, nevertheless it has no authority to enter into a contract such as that here in question, for the reason that such contract provides that a fixed proportion of such taxes as might be collected through the efforts of the defendant Hellstrom under the contract shall be devoted to Hellstrom as compensation. It has been held that contracts of this character are contrary to a sound public policy, and, unless expressly warranted by legislative authority, will not be upheld. Chester County v. Barber, 97 Pa. 455; Platte County v. Gerrard, 12 Neb. 244, 11 N. W. 298; [State ex rel. Coleman v. Board of Com'rs of Dickinson County (State ex rel. Coleman v. Fry), 77 Kan. 540, 95 Pac. 392, 16 L. R. A., N. S., 476.] We see no good reason to deviate from this rule. Rather, we see the reason for the rule increased by the provisions of our statute. While the county board has supervision of the fiscal affairs of the county and certain duties with reference to the matter of taxation, nevertheless those duties do not at all touch upon the assessment and levy of that portion of the tax which is devoted to other than county purposes—that is, to the township, the school district, the village, the city, or the state taxes. The county board surely has no power to bargain away in advance any portion of such taxes; and, if as a result of the contract here in question any taxes be paid, the county is responsible to the state and to the various taxing subdivisions under the county for the whole of their respective portions of such taxes so collected. The state nor any of such inferior tax beneficiaries can be charged with any proportion of the payments made under the contract. The expense of collection cannot be prorated." [50 N. D. 788, 198 N. W. 120.] And see, State ex rel. Buchanan v. Cole, 218 Wis. 187, 260 N. W. 467.

While this court has permitted the payment of a percentage of the tax collected by a tax ferret, Simpson v. Silver Bow County, supra, there is a decided difference between the em-

ployment of a person who engages in the business of searching for property omitted from taxation and the employment of one to render services in acquiring tax titles on property already sold for delinquent taxes. As to the latter, the reasoning employed in the Murphy Case is particularly applicable.

The amended complaint seeks to restrict the services that Kelly agreed to perform to those of abstracting only. The new matter contained in the amended complaint was to the effect that the members of the board of county commissioners consulted with a judge of the district court concerning the matter of entering into an agreement with Kelly and that the judge advised them of the opinion in the case of Arnold v. Custer County, supra; that the board considered the necessity of abstracting the titles of real property to which the county held certificates of sale to enable the county clerk and county treasurer to perform their respective duties in making applications for tax deed and that is the reason for the agreement with Kelly; that the agreement of March 1, 1939, was not submitted to anyone skilled in the law until after Kelly had ceased working. It is alleged that the intent of the parties was to enter into a lawful agreement pursuant to the Custer County Case and not an agreement to require Kelly to perform the work of any county officer; that if the agreement is construed otherwise then it fails to express the true meaning and intent of plaintiff and defendant Silver Bow County and fails as a result of mutual mistake to express the intention of the parties and that if a reformation is required to make the agreement one of abstracting only, then in equity and good conscience it should be so reformed.

The court was right in sustaining the motion to strike and dismissing the action. Obviously the allegations of the original complaint were not sufficient to state a cause of action. The contract there pleaded was void. The amended complaint undertakes to rewrite the contract so as to make it valid under the Custer County case. But if the contract were reformed to make it read as plaintiff desires it would still not be a contract

authorized by law for the reasons above stated. The amended complaint is not capable of being amended so as to state a cause of action. While a motion to strike cannot take the place of a demurrer to test the sufficiency of a pleading capable of being cured by amendments, Flatt v. Norman, 91 Mont. 543, 11 Pac. (2d) 798, it is properly used as against a complaint which shows on its face that it cannot be amended to state a cause of action.

The court did not err in striking the amended complaint from the files.

The judgment appealed from is affirmed.

MR. CHIEF JUSTICE ADAIR, ASSOCIATE JUSTICES METCALF and BOTTOMLY, and THE HONORABLE W. W. LESSLEY, District Judge sitting in place of MR. JUSTICE FREEBOURN, disqualified, concur.